**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.                                                                   No. 12cv29 RB/RHS

**GARY W. JONES, NORA S. JONES; and
G.A.N. ENTERPRISES**,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on: (1) pro se Defendants Gary W. and Nora S. Jones' *Motion to Dismiss*, filed February 23, 2012 [Doc. 10]; (2) their *Motion to Deny Request for Clerk's Entry of Default Pursuant to Fed. R. Civ. P. 55(a) Against G.A.N. Enterprises*, filed March 1, 2012 [Doc. 13]; (3) their *Motion to Demand Proof of Jurisdiction*, filed March 26, 2012 [Doc. 20]; (4) their *Motion for Trial Without Fraud*, filed May 14, 2012 [Doc. 29]; (5) their *Motion for Trial Without Deprivation*, filed May 14, 2012 [Doc.30]; (5) their *Motion for Trial Entitled to Privileges and Immunities*, filed May 14, 2012 [Doc. 31]; (6) their *Motion for Trial by Law*, filed May 14, 2012  [Doc. 32]; and (7) their *Motion for Trial by Judge Bound by Oath*, filed May 14, 2012 [Doc. 33].  The Court has also considered the United States' *Request for an Entry of Default*, filed February 22, 2012 [Doc. 9].  The Court will deny the Joneses' motions and will grant the United States' request that the Court enter a default as to G.A.N. Enterprises.

The United States filed suit against the Joneses and G.A.N. Enterprises on January 9, 2012, seeking to reduce to judgment its federal tax assessments against the Joneses; seeking to nullify or set aside G.A.N. Enterprises' purported ownership of real property located in Roswell, New Mexico and described in paragraph 12 of the Complaint; and seeking to foreclose the United States' tax liens

against the Joneses on that real property. *See* Compl. at 1-2.

The Joneses, who claim to be "a free man and woman on the soil, Sovereign American Citizens, *sui juris*," Doc. 10 at 1, seek to dismiss this case, challenging the Court's jurisdiction and making several frivolous, tax-protester arguments that have long been rejected by this and other Courts. For example, the Joneses contend that this Court lacks subject-matter jurisdiction; that they enjoy the same sovereign immunity as the fifty states by virtue of the Eleventh Amendment to the United States Constitution; that the United States is a corporation incapable of bringing suit; that there is "no affidavit claiming injury" or "proof of claim" and no "signed 23C Assessment Certificate;" and that the United States has not proved to their satisfaction that this Court is an "Article III Court." Doc. 10 at 1-3; Doc. 20 at 2.

**I. The Court has jurisdiction and the Joneses' arguments are frivolous.**

The Court has subject-matter jurisdiction over this suit pursuant to 28 U.S.C. §§ 1331, 1340, 1345, and 26 U.S.C. §§ 7402, 7403. The United States has alleged injury by the Joneses' refusal to pay taxes due, and it has authority to bring this action under 26 U.S.C. §§ 7401-03 to reduce their federal tax indebtedness to a judgment, to determine the true ownership of property allegedly subject to the United States' tax lien, and to enforce the United States' federal tax liens via foreclosure. *See generally, United States v. Rodgers*, 461 U.S. 677 (1983) (describing the history and purpose of tax collection statues, including § 7403). The Court will not waste scarce judicial resources addressing frivolous arguments that have been repeatedly rejected. In *Lonsdale v. United States*, 919 F.2d 1440 (10th Cir. 1990), the Tenth Circuit held that

> the following arguments . . . are completely lacking in legal merit and patently frivolous: (1) individuals ("free born, white, preamble, sovereign, natural, individual common law 'de jure' citizens of a state, etc.") are not "persons" subject to taxation under the Internal Revenue code; (2) the authority of the United States is confined

> to the District of Columbia; (3) the income tax is a direct tax which is invalid absent apportionment, and *Pollock v. Farmers' Loan & Trust Co.*, 157 U.S. 429, 15 S.Ct. 673, 39 L.Ed. 759, *modified*, 158 U.S. 601, 15 S.Ct. 912, 39 L.Ed. 1108 (1895), is authority for that and other arguments against the government's power to impose income taxes on individuals; (4) the Sixteenth Amendment to the Constitution is either invalid or applies only to corporations; (5) wages are not income; (6) the income tax is voluntary; (7) no statutory authority exists for imposing an income tax on individuals; (8) the term "income" as used in the tax statutes is unconstitutionally vague and indefinite; (9) individuals are not required to file tax returns fully reporting their income; and (10) the Anti-Injunction Act is invalid.
>
> To this short list of rejected tax protester arguments we now add as equally meritless the additional arguments made herein that (1) the Commissioner of Internal Revenue and employees of the Internal Revenue Service have no power or authority to administer the Internal Revenue laws, including power to issue summons, liens and levies, because of invalid or nonexistent delegations of authority, lack of publication of delegations of authority in the Federal Register, violations of the Paperwork Reduction Act, and violations of the Administrative Procedure Act, including the Freedom of Information Act; and (2) tax forms, including 1040, 1040A, 1040EZ and other reporting forms, are invalid because they have not been published in the Federal Register.

919 F.2d at 1448. And in *Goodman v. United States*, No. 05-1440, 185 Fed. App'x 725, 728, 2006 WL 1689226, *3 (10th Cir. June 21, 2006), the Tenth Circuit noted:

> Until its transition to computerized recordkeeping, the IRS generally used Form 23C for the summary record of assessment, but it now uses a computer-generated summary record of assessment known as the RACS 006. Both forms have been recognized as summary records of assessment within the meaning of I.R.C. § 6203 by this court. *March v. IRS*, 335 F.3d 1186, 1188 (10th Cir. 2003); *see also Roberts v. Comm''*, 329 F.3d 1224, 1228 (11th Cir. 2003).
>
> IRS Form 4340, Certificate of Assessments and Payments, also has been deemed to satisfy the requirements of I.R.C. § 6203 and Treasury Regulation. § 301.6203-1. This court and others have held that Form 4340 provides "all of the information required under Treasury Regulation § 301.6203-1," because it identifies the taxpayer, informs him of the character of the liability assessed, the tax periods giving rise to the assessment, and the amount of the assessment. *Taylor*, 69 F.3d at 419; *see also March*, 335 F.3d at 1188; *Guthrie v. Sawyer*, 970 F.2d 733, 737 (10th Cir. 1992).

185 Fed. App'x at 728; *see Ford v. Pryor*, 552 F.3d 1174, 1177-80 (10th Cir. 2008). The Joneses' argument that the United States is a corporation under 28 U.S.C. § 3002 of the Federal Debt

3

Collection Procedures Act that "cannot sue nor otherwise contend with a living natural man or woman" is a relatively new, but no less frivolous and ridiculous argument. *See, e.g., Thompson v. Scutt*, No. 11cv573, 2011 WL 2745934 *3 (W.D.Mich. Jul 13, 2011); *United States v. Wiggins*, No. WDQ–09cr287, 2011 WL 806383, *7 (D. Md. March 1, 2011); *Kubicki v. United States*, No. 10-10722, 2010 WL 2630112, *2 (E. D. Mich. June 28, 2010). The United States'

> right to seek a forced sale of the entire property in which a delinquent taxpayer had an interest does not arise out of its privileges as an ordinary creditor, but out of the express terms of § 7403. Moreover, the use of the power granted by § 7403 is not the act of an ordinary creditor, but the exercise of a sovereign prerogative, incident to the power to enforce the obligations of the delinquent taxpayer himself, and ultimately grounded in the constitutional mandate to "lay and collect taxes."

*Rodgers*, 461 U.S. at 697.

The Court, therefore, denies the Joneses' motion to dismiss and their motion to demand proof of jurisdiction. The Court will also deny the Joneses' five legally and grammatically incomprehensible motions filed on May 14, 2012. The Court is already under an obligation to ensure that these proceedings comply with the rules of procedure, the applicable federal statutes, and with due process, thus the motions, insofar as they may be seeking a fair proceeding, are moot.

**II. The Court will enter default against G.A.N. Enterprises.**

After the Joneses implicitly attempted to answer on behalf of G.A.N. Enterprises (which the Joneses characterize as a "common law trust," Doc. 13 at 2), the United States requested that the clerk's office enter a clerk's entry of default, *see* Doc. 9. The clerk's office informed the United States that it would not comply with the request for entry of default because the Joneses' answer could be interpreted as an answer for G.A.N. Enterprises also, so the United States moved to strike the answer for the reason that the Joneses are not lawyers and cannot file an answer on behalf of an entity. After briefing on the merits, Magistrate Judge Robert H. Scott struck the answer and entered

the following order:

> Defendant G.A.N. Enterprises must file a separate Answer on or before April 13, 2012 and advise the Court with specificity regarding the standing of G.A.N. Enterprise as a legal entity or, in the alternative, that G.A.N. Enterprise is merely a name under which Defendants Gary and Nora Smith are doing business. Failure or refusal to file this Answer will result in the Court presuming that G.A.N. Enterprise is a separate legal entity, the nature and standing of which is unknown to the Court.

March 21, 2012 Order at 2. On April 12, 2012, Nora Jones filed a document stating that the Joneses had "removed the property from that defective trust to the names of Gary and Nora Jones," and argued that "the legal status of G.A.N. Enterprises no longer needs to be addressed." Doc. 28 at 1-2. Nevertheless, the Court concludes that, because no attorney has entered an appearance for G.A.N. Enterprises and no answer has been filed on its behalf, as required by the March 21, 2012 Order, the United States is entitled to an entry of default against G.A.N. Enterprises. Contrary to the Joneses' contention, there is nothing to guarantee that the Joneses will not undo what they have done and the Court does not know whether the Joneses even had the actual legal authority to do what they purported to do regarding the transfer of the title to their property.

Finally, the Joneses are cautioned that, although "[i]t is well established that the good faith defense encompasses misunderstanding of the law," it does not encompass "disagreement with the law." *United States v. Schiff*, 801 F.2d 108, 112 (2d Cir. 1986).

> The distinction [between misunderstanding and disagreement] is necessary to the functioning of the tax system. Without it, any taxpayer could evade tax obligations simply by stubbornly refusing to admit error despite the receipt of any number of authoritative statements of the law. At some point, such stubbornness becomes unreasonable; the line is crossed between misunderstanding and disagreement and the taxpayer can no longer successfully assert a defense of good faith.

*Id.* To avoid future sanctions for filing further frivolous documents and inform themselves of what the law actually requires, the Court recommends that Mr. and Mrs. Jones carefully read and consider

the Tenth Circuit's opinion in *Lonsdale* and other cases cited above and the law-review article by Danshera Cords, TAX PROTESTORS AND PENALTIES: ENSURING PERCEIVED FAIRNESS AND MITIGATING SYSTEMIC COSTS, 2005 B.Y.U. L. Rev. 1515 (2005); as well as Daniel B. Evans, *The Tax Protester FAQs*, found at http://evans-legal.com/dan/tpfaq.html; and the February 16, 2012 IRS publication entitled *The Truth About Frivolous Tax Arguments*, found at http://www.irs.gov/taxpros/article/0,,id=159853,00.html and revise their erroneous beliefs and behavior.

**NOW, THEREFORE, IT IS ORDERED** that all of the Defendants' motions [Docs. 10, 13, 20, 29, 30, 31, 32, and 33] are DENIED; and it is further ordered that the United States' Request for an Entry of Default [Doc. 9] is GRANTED and that the Clerk shall enter default against G.A.N. Enterprises, pursuant to FED. R. CIV. P. 55(a), for its failure to plead or otherwise defend against the United States' Complaint.

_____
**UNITED STATES DISTRICT JUDGE**