IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.                                          No. 12cv29 RB/RHS

**GARY W. JONES, NORA S. JONES; and
G.A.N. ENTERPRISES**,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on the United States' *Motion for Summary Judgment*, filed April 29, 2013 [Doc. 40]; and on its *Motion for Default Judgment*, filed April 29, 2013 [Doc. 41]. ). The United States seeks, pursuant to 26 U.S.C. §§ 7401-7403, to reduce to judgment its federal income-tax assessments made against Gary W. Jones and his wife, Nora S. Jones (collectively "the Joneses"), and to foreclose its federal tax liens on real property owned by the Joneses and/or held in the name of G.A.N. Enterprises ("GAN"). It also seeks a judgment declaring that GAN has no interest in the subject property, and that the subject property may be sold free and clear of any purported interest that GAN may have. The Court has previously entered a default against GAN and has twice rejected the Joneses' frivolous tax-protester arguments. *See* Aug. 6, 2012 Memorandum Opinion & Order ("MOO") (Doc. 35); Nov. 29, 2012 MOO (Doc. 39). The Court granted the Joneses' untimely motion to extend the time in which to respond to the motion for summary judgment on the Joneses' representation that they had hired an attorney to discuss settlement. *See* Doc. 42; July 1, 2013 Order. The Court will grant both motions.

## I. APPLICABLE LEGAL STANDARDS.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law."[1] Fed. R. Civ. P. 56(a). Once the movant meets this initial burden, the burden shifts to the non-moving party to identify specific facts that show the existence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) "[T]he plain language of Rule 56[] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial" *Id.* at 322. . "When the moving party has carried its burden under Rule 56[], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87 (1986) (citations omitted). The ultimate inquiry in a summary- judgment disposition, therefore, is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

"When applying th[e summary-judgment] standard, [the court] view[s] the evidence and draw[s] reasonable inferences therefrom in the light most favorable to the nonmoving party." *Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005) (internal quotation marks omitted).

---

[1] "Rule 56 was amended, effective December 1, 2010. Under the amended rule, the standard previously enumerated in subsection (c) was moved to subsection (a), and the term genuine 'issue' became genuine 'dispute.' *See* Fed. R. Civ. P. 56 advisory committee's notes (2010 Amendments). However, the 'standard for granting summary judgment remains unchanged.' *Id.*" *E.E.O.C. v. C.R. England, Inc.*, 644 F.3d 1028, 1037 n.8 (10th Cir. 2011).

**II.  Undisputed facts**

The United States has provided affidavits and many exhibits, including Certificates of Assessment, demonstrating that the Joneses do not pay their federal taxes and have not filed legitimate tax returns since at least 1994; that Gary Jones "failed or refused to file federal income tax returns (IRS Forms 1040) for the 1998, 2003, 2004 and 2005 tax years;" that the IRS prepared substitute returns and determined the amount of tax owed by Gary Jones for those tax periods, and made assessments against him;  that Nora Jones "failed or refused to file a federal income tax return . . . for the 2006 tax year;" and the "IRS determined the amount of tax owed by Nora Jones for that tax period, and made assessments against her."  Doc. 40-6 at 1-2 (Pryor Aff.); Docs. 34-1, 34-2 (Certificates of Assessment).

The Government established that, "[o]n September 15, 2009, Gary and Nora Jones purported to submit income tax returns for the 1997, 1998, 2003, 2004, 2005, 2006, 2007, and 2008 tax years," to which they attached frivolous correspondence and tax-protester arguments and bogus "bonded promissory notes" purporting to satisfy their tax liens.. *See* Doc. 40-1 (Curtis Aff.); Doc. 40-3 at 1-14 (frivolous "returns"); 40-4 at 1-2 (Joneses' correspondence); Doc. 40-4 at 10-13 (bogus "bonds").  The Government also submitted copies of its INTSTD reports showing that, including past-due income taxes and interest, and frivolous-return penalty liabilities, "Gary Jones owes the United States **$91,684.59**" and "Nora Jones owes the United States **$50,951.81**."  *See* Doc. 40-6 at 2-3; Doc. 40-6 at 1-3; Doc. 40-7 at 1-3.

The United States established that it "recorded its Notices of Federal Tax Lien (including against GAN as the nominee/alter-ego of Gary and Nora Jones) to protect its priority against creditors as set forth in 26 U.S.C. § 6323(a)."  Doc. 40 at 13;  *see* Doc. 22-1.  It established that "GAN, by its default, has admitted the United States' well-pled allegations of fact, including the

3

facts that establish that GAN merely held title to the property as a nominee, alter-ego, or fraudulent transferee of Gary and Nora Jones; and . . . after the commencement of this lawsuit, GAN transferred the property back to Gary and Nora Jones." Doc. 40 at 13.

In their response brief, the Joneses admit the basic facts established by the United States, but, under the heading of "facts in dispute," the Joneses state that they still "dispute" the amounts of the assessments – apparently because the IRS used a standard deduction instead of itemized deductions when preparing their substitute returns; and they complain that the substitute returns the IRS prepared listed them as "married separately." Doc. 43 at 3. They "request the filing status be changed to reflect 'married filing joint.'" *Id.* They "dispute" the frivolous return penalties, but concede that they are liable for penalties for failure to file, failure to pay, and "accuracy penalties." *Id.* They seek an opportunity to "prepare accurate tax returns and thereafter enter into a payment arrangement to pay the tax debt" *Id.* at 1.

### III. Analysis

### A. Default Judgment against GAN.

The United States moves for default judgment pursuant to FED. R. CIV. P. 55(b)(2) The United States made numerous allegations in its Complaint that neither GAN nor the Joneses have ever responded to or disputed, including:

> a. GAN is a sham entity. GAN was never legitimately created, and serves no legitimate purpose [Doc. #1, ¶21].
> b. GAN has no tax identification number, is not registered as a partnership with the New Mexico Secretary of State's office, nor as a corporation with the New Mexico Public Regulation commission [Doc. #1, ¶22].
> c. Gary and Nora Jones use the name "G.A.N. Enterprises" merely to cloud title to subject property and frustrate federal tax collection of the subject property. [Doc. #1, ¶23].
> . . .
> e. Gary and Nora Jones continue to reside on the subject property, pay all property taxes (and other bills) associated with the subject property, maintain a homeowner's insurance policy on the subject property in the name of Gary Jones,

4

    and enjoy all the burdens and benefits of ownership of the subject property without interference from GAN [Doc. #1, ¶25].
    f. On April 5, 2010, Gary and Nora Jones recorded a frivolous UCC-1 financing statement in the real property records of Chaves County, claiming a secured interest in all of their own property. Gary and Nora Jones included the subject property in the itemization of their own property [Doc. #1, ¶26].
    g. To the extent GAN may exist, it is the alter-ego of Gary and Nora Jones [Doc. #1, ¶27].
    . . .
    n. On March 3, 2000, the IRS sent Gary and Nora Jones a Notice of Deficiency (pursuant to 26 U.S.C. § 6212(a)). This Notice of Deficiency informed them that, in ninety (90) days, they would be assessed with tax, penalties, and interest for their 1997 individual income (1040) tax year, unless they contested these amounts in U.S. Tax Court. Gary and Nora Jones responded to this Notice of Deficiency on April 1, 2000, stating that they refused to "answer" the Notice of Deficiency [Doc. #1, ¶34].
    o. Less than a month after their response to the IRS Notice of Deficiency, on April 25, 2000, a warranty deed was executed, purportedly transferring the subject property from Gary W. Jones and Nora S. Jones to G.A.N. Enterprises for the stated consideration of ten (10) dollars. This deed was recorded in the Deed Records of Chaves County, New Mexico the same day [Doc. #1, ¶35].
    p. This purported transaction of the subject property (which constituted substantially all of the Joneses assets) was not made for reasonably equivalent consideration [Doc. #1, ¶36].

Doc. 41 at 3-4. By its default, GAN has admitted the United States' allegations of fact. *See* FED. R. CIV. P. 8(b)(6); *Olcott v. Delaware Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003) (holding that, after the entry of default, the defaulting party is "not entitled to raise merits-based argument[s] before the district court" or on appeal). The Joneses respond only that they showed "good faith" when they "voluntarily transferred the subject real property back into their own names." Doc. 44 at 2.

    The United States has demonstrated entitlement to a default judgment declaring that GAN has no legitimate interest in the subject property, as GAN merely purported to hold title as a sham, a nominee, an alter-ego, or a fraudulent transferee of Gary and Nora Jones.

    **B.  Summary Judgment**

    The Joneses similarly have provided no evidence or analysis as to why the United States'

5

motion for summary judgment should not be granted.  Their requests for a "do-over" after 20 years of insisting that they do not have to pay taxes is a situation of "too little, too late."  This Court has no jurisdiction to grant their requests for a do-over.

>   To reduce the tax assessments to money judgments,
>
>   the government generally establishes a prima facie case when it shows a timely assessment of the tax due, supported by a minimal evidentiary foundation, at which point a presumption of correctness arises.  A presumption of correctness attaches to the Commissioner's assessment, once some substantive evidence is introduced demonstrating that the taxpayer received unreported income.

*United States v. McMullin*, 948 F.2d 1188, 1192 (10th Cir. 1991) (citation omitted).  When Certificates of Assessment are submitted as evidence of the validity of the Government's claim for unpaid taxes, if the taxpayer does not present evidence calling into question the procedural validity of the Certificates, "a district court may properly rely on the forms to conclude that valid assessments were made."  *Guthrie v. Sawyer*, 970 F.2d 733, 737-38 (10th Cir. 1992) (internal quotation marks and citation omitted); *United States v. Tempelman*, Nos. 00-1556, 00-1786, 00-1887, 12 Fed. App'x 18, 20, 2001 WL 725370 at *1 (1st Cir. June 26, 2001) (affirming reduction of assessments to judgment and order of foreclosure under §§ 7401-03 and holding that "[t]he district court properly determined that the 'Certificate of Assessments and Payments' constituted presumptive proof both that the assessments were valid and that notice and demand for payment were effected" where the tax protesters failed to rebut the presumptions).  The Joneses have presented no evidence that the Certificates of Assessment are not valid or that the assessments and penalties should not be reduced to a judgment.

There are no material facts in dispute regarding the Joneses' outstanding tax obligations or the Government's entitlement to foreclose its federal tax liens against their real property.  Accordingly, the Court concludes that the United States is entitled, as a matter of law, to a

judgment in the amount stated in the INTSTD reports, and to an order foreclosing the related federal-tax liens against the real property described as Lot 7 in block 10 of Tierra Berrenda Addition No. 4 in the City of Roswell, County of Chaves and State of New Mexico.

**THEREFORE, IT IS ORDERED** that the United States' motion for summary judgment [Doc. 40] and its motion for default judgment against GAN Enterprises [Doc. 41] are GRANTED; and

**IT IS FURTHER ORDERED** that the United States is awarded a judgment in the amount of **$91,684.59** against Gary W. Jones plus interest and other statutory additions as provided by law from February 7, 2013, and it is awarded a judgment in the amount of **$50,951.81** against Nora S. Jones, plus interest and other statutory additions as provided by law from February 7, 2013; and

**IT IS FURTHER ORDERED** that the United States is entitled to foreclose its federal-tax lien on the property described as Lot 7 in block 10 of Tierra Berrenda Addition No. 4 in the City of Roswell, County of Chaves and State of New Mexico by selling that property in accordance with law and pursuant to a Motion for Order of Sale, which the United States will submit hereafter, and that G.A.N. Enterprises has no legitimate interest in the subject property; and

**IT IS FURTHER ORDERED** that the proceeds from the sale of this property shall be applied equally to each of the Joneses' outstanding federal income-tax debts.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**